OPINION
{¶ 1} Plaintiffs-appellants, SuperValu Holdings, Inc., d.b.a. Bigg's and Amerishop Bigg's Place LLC,[1] appeal the decision of the Clermont County Court of Common Pleas granting the summary judgment motions of defendants-appellees, Union Township and Board of Township Trustees, Union Township, and defendants-appellees, Wal-Mart Real Estate Trust and Wal-Mart Stores, Inc.[2] We affirm the common pleas court's decision.
 {¶ 2} In August 1989, Wal-Mart purchased real property in Union Township, Clermont County owned by Hazel Jackson and the Jackson Center Associates ("JCA"). That property was subject to certain restrictive covenants, one of which prevented the use of the property as a "supermarket." Another restrictive covenant stated that there must be five parking spaces for every 1000 square feet of floor space for any building constructed on the property. The restrictive covenants ran with the land and were binding upon Jackson, JCA, and their successors. The covenants "inure[d] to the benefit of, and * * * [were] enforceable by" Hyper Shoppes, Inc., a predecessor in interest to SuperValu.
 {¶ 3} Wal-Mart soon constructed a retail store on the property. The store did not operate as a "supermarket," and complied with the parking restrictions in the above-mentioned restrictive covenant.
 {¶ 4} In August 2002, Wal-Mart filed an application with the Union Township Zoning Commission, requesting an amendment to the Planned Development in which Wal-Mart's store was located. Wal-Mart sought to demolish its existing store and build a "supercenter" in the store's place. Wal-Mart submitted a formal plan to the zoning commission for the site. Under that plan, part of the parking lot for the proposed "supercenter" was on the property subject to the above-mentioned restrictive covenants. The zoning commission recommended approval of the plan, and the township adopted it.
 {¶ 5} SuperValu subsequently filed a complaint in the common pleas court against Wal-Mart, alleging that Wal-Mart's site plan violated the restrictive covenants regarding parking density and the use of the property for a supermarket. SuperValu sought an injunction preventing Wal-Mart from violating the restrictive covenants. Shortly after the filing of SuperValu's complaint, Union Township proposed and adopted certain amendments to its zoning code. The amendments reduced the number of parking spaces required by the township per square foot of floor space. Importantly, the amendments allowed Wal-Mart to relocate the parking lot for the proposed "supercenter" from the restricted property, while remaining in compliance with the township zoning code. Following the adoption of those amendments, Wal-Mart submitted a formal request to the township for a "major amendment" to its approved plan for the "supercenter" site. Under the "major amendment," the parking lot was no longer on the property subject to the restrictive covenants. In May 2003, the township approved the "major amendment."
 {¶ 6} In September 2003, SuperValu amended its complaint, adding Union Township as a defendant. SuperValu alleged that Union Township invalidly enacted the parking density amendments to its zoning code. SuperValu asked the court to declare those amendments void. SuperValu also asked the court to declare void Union Township's approval of Wal-Mart's "major amendment" because, SuperValu argued, that approval was based on the invalid enactment of the zoning code amendments.
 {¶ 7} SuperValu, Wal-Mart, and Union Township each filed motions for summary judgment. The common pleas court granted in part the summary judgment motions of Wal-Mart and Union Township. The court found that Union Township's approval of WalM-art's "major amendment" was an administrative act, and that SuperValu did not file an administrative appeal of that act. Having not exhausted its administrative remedies, SuperValu could not challenge the approval of the "major amendment." The common pleas court also granted in part SuperValu's summary judgment motion. The court found that Union Township did not adopt the zoning amendments in compliance with R.C. 519.12. Therefore, the court deemed those amendments void. On appeal, this court affirmed the common pleas court's decision in all respects.
 {¶ 8} In December 2003, while SuperValu's initial appeal was pending in this court, SuperValu filed a supplemental complaint against Wal-Mart and Union Township for compensatory and punitive damages pursuant to Section 1983, Title 42, U.S.Code. SuperValu alleged that Union Township's invalid enactment of the zoning code amendments deprived SuperValu of its property interest in the restrictive covenants without due process of law. According to SuperValu, the amendments "enabled Wal-Mart to circumvent the restrictive covenant and build its Supercenter." SuperValu also alleged that Wal-Mart violated Section 1983 because it conspired with Union Township to deprive SuperValu of its property interest in the restrictive covenants.
 {¶ 9} Wal-Mart and Union Township each filed summary judgment motions as to SuperValu's Section 1983 claims. The common pleas court granted both motions. The court found that SuperValu was never denied the benefits of its restrictive covenants, and therefore that Union Township did not deprive SuperValu of property. The court also noted that SuperValu did not file an administrative appeal of Union Township's approval of Wal-Mart's "major amendment," and therefore could not challenge the township's action in approving that amendment. Because the court found that Union Township did not violate SuperValu's civil rights under Section 1983, the court also found that Wal-Mart could not have conspired with Union Township to violate SuperValu's civil rights.
 {¶ 10} SuperValu now appeals the common pleas court's decision granting summary judgment to Wal-Mart and Union Township as to SuperValu's Section 1983 claims. Supervalu assigns two errors.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT AND DISMISSED APPELLANTS' CLAIM UNDER 42 U.S.C. 1983
AGAINST APPELLEES UNION TOWNSHIP AND THE UNION TOWNSHIP TRUSTEES."
 {¶ 13} In this assignment of error, SuperValu argues that Union Township deprived SuperValu of its property interest in the restrictive covenants without due process of law. According to SuperValu, Union Township did so by unlawfully enacting zoning code amendments, allowing Wal-Mart to "circumvent" the restrictive covenants.
 {¶ 14} When reviewing a lower court's decision granting summary judgment, we employ a de novo standard of review.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389.
 {¶ 15} Section 1983 states as follows:
 {¶ 16} "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * * [.]"
 {¶ 17} To establish a claim under Section 1983, a plaintiff must prove (1) the violation of a right secured by the U.S. Constitution or federal law, and (2) that the alleged violation was committed by a person acting under color of state law. Am.Mfrs. Mut. Ins. Co. v. Sullivan (1999), 526 U.S. 40, 49-50,119 S.Ct. 977; Peoples Rights Org., Inc. v. Montgomery (2001),142 Ohio App.3d 443, 487. In this case, SuperValu alleges that Union Township violated its rights under the Due Process Clause of theFourteenth Amendment. The Fourteenth Amendment states in relevant part as follows: "nor shall any State deprive any person of life, liberty, or property without due process of law[.]" In order to establish the procedural due process claim that appellant argues, appellant must show (1) that there was a liberty or property interest that was interfered with by the state, and (2) that "the procedures attendant upon that deprivation" were constitutionally insufficient. Kentucky Dept. of Corr. v. Thompson (1989),490 U.S. 454, 460, 109 S.Ct. 1904.
 {¶ 18} It is undisputed that SuperValu had a property interest in the restrictive covenants. Nevertheless, SuperValu failed to demonstrate a genuine issue of fact as to whether the state interfered with that property interest. Nothing in the record indicates that SuperValu was ever deprived of or prevented from enforcing its rights under the restrictive covenants. Union Township's enactment of the amendments to its zoning code did not diminish any property rights held by SuperValu. Those amendments did allow Wal-Mart to adjust its site plan so that it did not conflict with SuperValu's property rights. However, SuperValu's rights in the restrictive covenants remained unaffected. Accordingly, SuperValu did not establish an essential element of its Section 1983 claim: the violation of a right secured by the United States Constitution. See Peoples Rights Org., Inc.,142 Ohio App.3d at 487.
 {¶ 19} The principal case cited by appellant, Stile v.Copley Twp., Ohio (N.D.Ohio 2000), 115 F.Supp.2d 854, is inapplicable. In Stile, a township zoning commission eliminated a "permitted use" in a Planned Development District where the plaintiff owned property. Id. at 858-859. The plaintiff had intended to sell part of his property to an automobile dealership, but such a sale was not feasible following the elimination of "community/regional sales" as a "permitted use." Id. In Stile, state action affected the plaintiff's property rights by restricting how the plaintiff could use his property. In this case, Union Township's enactment of its zoning amendments did not affect Supervalu's property rights. Specifically, the enactment of the amendments did not affect the validity or the enforceability of the restrictive covenants.
 {¶ 20} Having reviewed the record de novo, we find that SuperValu did not demonstrate a genuine issue of material fact as to its Section 1983 claim against Union Township. Construing the evidence most strongly in SuperValu's favor, reasonable minds could only have come to the conclusion that Union Township was entitled to judgment as a matter of law. Accordingly, we overrule SuperValu's first assignment of error.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES WAL-MART REAL ESTATE TRUST AND WAL-MART STORES, INC."
 {¶ 23} In this assignment of error, SuperValu argues that the common pleas court erred in granting summary judgment to Wal-Mart as to SuperValu's Section 1983 claim against Wal-Mart. In that claim, SuperValu alleged that Wal-Mart conspired with Union Township to deny SuperValu property without due process of law. According to SuperValu, the sole basis for the common pleas court's decision to grant Wal-Mart's summary judgment motion was the court's conclusion that Union Township did not violate Section 1983. SuperValu argues that because the common pleas court erred in granting summary judgment to Union Township as to the Section 1983 claim, there was no basis for the court's decision to grant summary judgment to Wal-Mart.
 {¶ 24} In addressing appellant's first assignment of error, we determined that SuperValu's Section 1983 claim against Union Township failed as a matter of law. Therefore, contrary to SuperValu's argument, there was a valid basis for the common pleas court's decision granting summary judgment to Wal-Mart. We agree with the common pleas court's conclusion that because Union Township did not, as a matter of law, violate Section 1983, Wal-Mart could not have conspired with Union Township to violate Section 1983. Accordingly, we overrule SuperValu's second assignment of error.
 {¶ 25} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] We will refer to SuperValu Holdings, Inc., dba Bigg's and Amerishop Bigg's Place LLC collectively as "SuperValu."
[2] We will refer to Union Township and Board of Township Trustees, Union Township collectively as "Union Township." We will refer to Wal-Mart Real Estate Trust and Wal-Mart Stores, Inc. collectively as "Wal-Mart."